Alvin Hawkins, J.,
delivered the opinion of the Court.
The only question presented in argument for our consideration in this case, arises upon the action of the Court below, in rejecting certain evidence offered by the plaintiffs in error.
The action is founded upon a promissory note, which, *304 upon its face, shows it was given in consideration of a “steam saw and grist mill, and fixtures.”
The défendants having plead to the action, gave notice, under the provisions of section 2915 of the Code, that they would rely upon the defense that the plaintiffs warranted the mills and fixtures to be in good running order, and serviceable, condition, with the exception of the grates of the furnace, the plunger of the pump, and the steam guages; and that the saw mill was capable of sawing 18,000 feet of plank per week —all of which warranties were broken, in this, that said machinery was not in good running order, or serviceable condition; and said saw mill was not capable of sawing 18,000 feet of lumber per week; in consequence of which the defendants had sustained damages to the amount of $700, &c.
In addition to this, the defendants filed a special plea, averring, substantially, the same facts set out in the notices; but no issue was taken upon it, or replication filed thereto, or other notice taken . thereof in the Court below; and consequently, we can take no notice of it here, as the defendants here must be held to have abandoned it.
Upon the trial of the cause, the defendants proposed to prove by John Renshaw, that he heard a conversation between the plaintiff and defendants, Lytle & Patterson, on the 17th of July, 1865, about twenty days before the date of the note sued on, in which the terms of the contract of sale were stated, and asked witness, whether or not, in that conversation, said mills and machinery were warranted.
*305 The plaintiffs objected to this evidence, which objection was sustained by the Court; to which action of the Court the defendants excepted.
There was verdict and judgment for the plaintiff; from which the the defendants have appealed in error to this Court.
The ground upon which His Honor, the Circuit Judge, excluded the evidence, does not appear; but it is argued here, that it was incompetent, under the rule which forbids the introduction of parol evidence to vary or add to the terms of a written contract.
The objection is based upon a total misapprehension of the effect of the evidence offered.
It is difficult to perceive how the evidence offered could have the effect to add to or vary the terms of the instrument sued on. It does not propose or tend to do either.
It was offered for the purpose of establishing a separate collateral and substantive contract between the parties not embraced in the writing.
We think the evidence was competent and material to establish the defense: 11 Hum., 308; 2 Sneed, 438; 4 Sneed, 543.
Let the judgment of the Circuit Court be reversed, and the cause remanded.